# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0777V
UNPUBLISHED

| | |
|---|---|
| SHAFIQ IMANI,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: August 2, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus Diphtheria<br>acellular Pertussis (Tdap) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jerome A. Konkel, Samster, Konkel & Safran, S.C., Milwaukee, WI,* for Petitioner.

*Tyler King, U.S. Department of Justice, Washington, DC,* for Respondent.

## RULING ON ENTITLEMENT[1]

On January 21, 2021, Shafiq Imani filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine injury ("SIRVA"), a defined Table injury, after receiving the diphtheria, tetanus, and pertussis (Tdap) vaccine on June 19, 2018. Petition at 1, ¶¶ 3, 20.  Petitioner further alleges that he received the vaccine within the United States, that he suffered the residual effects of his SIRVA injury for more than six months, and that neither he nor any other party has filed a civil action or received compensation for his SIRVA injury. Petition at ¶¶ 3, 20-22. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 1, 2022, Respondent filed his Rule 4(c) in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent believes "that [P]etitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation for a Tdap Table injury." *Id.* at 5. Respondent further agrees that "based on the record as it now stands, [P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

          **s/Brian H. Corcoran**
          Brian H. Corcoran
          Chief Special Master